
Keith M. Lundin
U.S. Bankruptcy Judge
Dated: 12/5/2013



mk

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

DEBTOR **DAINON TARQUINIUS SIDNEY**   Case No. **13-09063-KL3-13**

**SSN XXX-XX- 7845**

ORDER CONFIRMING CHAPTER 13 PLAN, GRANTING CERTAIN MOTIONS
AND NOTICE OF OPPORTUNITY TO OBJECT

The Court determines that it is in the best interest of creditors and the estate to hold a hearing on confirmation earlier than 20 days after the meeting of creditors and that no party has objected to the hearing being held on such earlier date.

A copy of the debtor's plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. §1325; therefore, It is ORDERED that:

1. The debtor's plan is confirmed as provided below.

2. The debtor is enjoined from incurring any debts except such debts as may be necessary for emergency medical or hospital care pursuant to 11 U.S.C. §1305. Debtors are enjoined from reducing the amounts withheld for taxes on a W-4 submitted to an employer without trustee consent.

3. **Debtor(s) shall pay:**

   **$456.00 BI-WEEKLY [PLUS TAX REFUNDS] from MATTHEW WALKER COMPREHENSIVE HEALTH CTR**
   **$3,832.00 MONTHLY [PLUS TAX REFUNDS] from DAINON TARQUINIUS SIDNEY**

   **(PLUS PI PROCEEDS)**

   Debtor(s) shall pay to the trustee a minimum base of at least **$289,200.00 increased by tax refunds and PI proceeds**, to complete payments under the plan. Any funds from the base, after satisfaction of allowed secured and priority claims pursuant to this order shall be used to increase the distribution to allowed unsecured claims.

4. From funds received, the Trustee shall disburse as follows:

   a. To the Court Clerk the sum of **$0.00** and **$0.00** for filing and noticing fees.

   b. To the Trustee, compensation and expenses pursuant to 28 U.S.C. §586(e) and 11 U.S.C. §1326(b)(2).

   c. To the debtor's attorney, **MARIA M SALAS AT SALAS LAW GROUP, PLLC,** the sum of **$3,750.00 to be paid at $700.00 per month.**

   c. Total fee awarded to attorney is **$4,000.00** .

   d. To creditors holding allowed claims as follows:
      i. To claimholders entitled to priority under 11 U.S.C. §507, payment in full as follows: **NONE**
     ii. To claimholders holding allowed secured claims, the amount of such secured claim indicated below not to exceed the present value of each claimholder's security

determined by this order pursuant to U.S.C. §506:

| | Creditor Name/Collateral | Interest | Value | Month |
|---|---|---|---|---|
| **1** | **UNITED STATES TREASURY** | **3.00%** | **$12,912.77** | **$235.00** |
| | *2006-2007 INCOME TAXES* | | | |

The secured claimholders listed above shall retain liens pursuant to 11 U.S.C. §1325 (a)(5)(b), until discharge at which time liens shall be released.

   iii. To creditors holding claims secured by a purchase money security interest in a motor vehicle incurred within 910 days preceding the petition or secured by a purchase money security interest in any other thing of value incurred in the 1 year period preceding the filing as follows:

| Creditor/Collateral | Interest | Principal Amt To Be Pd | Month |
|---|---|---|---|
| --------------- NONE --------------- | | | |

The secured claimholders listed above shall retain liens pursuant to 11 U.S.C. §1325 (a)(5)(b), until discharge at which time liens shall be released.

These creditors have either accepted the plan (as designated by an *) or the above claims are not subject to the provisions of §506.

   iv. To the holders of "long term" debts provided for under 11 U.S.C. §1322(b)(5).

| | Creditor | Post Conf. Payment | Last date included in the arrearage claim |
|---|---|---|---|
| ~ | **ONEWEST BANK** | **$1,984.41** | **12/13** |
| | *MTG CONT/605 LAKEMEADE POINTE* | | |
| ~ | **SUNTRUST BANK** | **$717.00** | **12/13** |
| | *MTG CONT/605 LAKEMEADE POINTE* | | |

| Creditor | Amount of Arrearage | Int. on Arrears | Monthly Pym. on Arrears |
|---|---|---|---|
| **ONEWEST BANK** | **$65,659.55** | **0.00%** | **CLASS II** |
|   *MTG /605 LAKEMEADE POINTE* | | | |
| **SUNTRUST BANK** | **$20,076.00(e)** | **0.00%** | **CLASS II** |
|   *MTG /605 LAKEMEADE POINTE* | | | |

Arrearages noted above include prepetition arrearages per the proof of claim and post petition, preconfirmation installments.

   The Trustee may adjust the postpetition regular payments noted above and payments to the plan in paragraph 3 upon filing notice of such adjustment to debtor, debtor's attorney, creditor, and the U.S. Trustee where, and to the extent the underlying contract provides for modification.

   The Trustee is authorized to pay any post petition fees, expenses, and charges, notice of which is filed pursuant to Rule 3002.1, F.R.B.P. and as to which no objection is raised, at the same disbursement level as the arrears claim noted above.

    v. To unsecured claimholders, in classes and paid in classes, as shown below:

**--------------- NONE ---------------**

Except as provided immediately above, allowed nonpriority unsecured claimholders will be paid a dividend of at least **0.000%**. The "unsecured pool" shall be not less than **N/A**.

5. Other provisions of the plan, including payments to be made directly by debtor, collateral to be surrendered and other conditions:

   **Case to be dismissed, without further hearing, upon filing of notice of non-compliance and order dismissing case by the trustee.**

   **Surrender the collateral to creditor STATE FARM BANK FSB. (ALL COLLATERAL)**

   **VALINDA BURKS (SUPPORT/ALIMONY CONT) Paid direct by debtor.**

If there is a surrender of property securing a claim, the automatic stay of 11 U.S.C. §362(a) is terminated to permit recovery and disposition of the surrendered property.

6. The plan rejects all executory contracts, except such executory contracts as follows:

   **Assume executory contract with SPRINT. Paid direct by debtor. (CELL PHONE)**

7. The plan is expected to last approximately **60** months. The plan will complete only when the plan has satisfied all secured, and priority claims and the "unsecured pool" has been distributed to unsecured creditors.
8. Creditors not advising the Trustee of address changes may be deemed to have abandoned claims.
9. All property shall remain property of the estate and shall vest in the debtor only upon dismissal, discharge or conversion. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the Trustee.
10. Post-petition claims, allowed pursuant to 11 U.S.C. §1305, shall be paid in full but subordinated to the payment of unsecured claims as provided in Paragraph 4 above.
11. The Debtors motion to declare that all information required under §521(a)(1)(B) has been granted and the case has not been dismissed pursuant to §521(i).
12. Confirmation of this Plan shall impose upon any claimholder treated under paragraph 4 d)(iv) of the Confirmation Order and, holding as collateral, the debtor's residence, the obligation to:

    a. Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this Plan, the "pre-confirmation" arrears shall include all sums included in the allowed proof of claim plus any post-petition pre-confirmation payments due under the underlying mortgage obligation not specified in the allowed proof of claim. Monthly ongoing mortgage payments shall be paid by the trustee commencing with the later of the month of confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder.

    b. Treat the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or

other charges.

**NOTICE OF OPPORTUNITY TO OBJECT**

PURSUANT TO 11 U.S.C. §1323 AND 1324 AND FED. R. BANKR. P.9021, 2002 AND 3015, AS TO ANY PRECONFIRMATION MODIFICATIONS OF THE PLAN THIS ORDER SHALL NOT BECOME FINAL FOR 25 DAYS. ANY PARTY IN INTEREST SEEKING TO BE RELIEVED FROM ITS PROVISIONS PURSUANT TO RULE 9023 FED. R. BANKR. MUST FILE A MOTION WITHIN THAT 25 DAY PERIOD. FAILURE TO FILE SUCH MOTION SHALL BE DEEMED A WAIVER OF ALL OBJECTIONS TO ANY CHANGES OR MODIFICATIONS TO TREATMENT OF CLAIMS MADE AT CONFIRMATION AND AN ACCEPTANCE OF THE PROVISIONS OF THIS CONFIRMED PLAN. THE TRUSTEE MAY DISBURSE FUNDS PURSUANT TO THIS CONFIRMATION ORDER UPON ENTRY.

Approved:

/s/MARIA M SALAS AT SALAS LAW GROUP, PLLC
ATTY FOR THE DEBTOR
33 MUSIC SQUARE WEST STE 100 A
NASHVILLE, TN  37203
615-244-6246
notice@salaslawgroup.com

341 Date: **November 26, 2013**
Case no: **13-09063-KL3-13**
Printed: **12/04/2013     5:52 pm**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.