# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

```
IN RE:                                          CASE 13-09063-KL3-13
DAINON TARQUINIUS SIDNEY                        JUDGE KEITH M LUNDIN
605 LAKEMEADE POINTE                            12/9/2013
OLD HICKORY, TN  37138

SSN XXX-XX-7845
```

## NOTICE OF CONFIRMATION AND PLAN TERMS

ON **12/05/2013** the debtor(s) Chapter 13 plan, as amended, was confirmed by order of **JUDGE KEITH M LUNDIN**. This order provides an extension of the finality date to provide all parties in interest the opportunity to review the plan or its terms and seek relief from its term pursuant to Rule 9023, Federal Rules Bankruptcy. Any application for relief under Rule 9023 must be filed with the court on or before **12/30/2013**. Thereafter, the confirmed plan will be deemed final and binding on all parties pursuant to 11 U.S.C. §1327.

**D. SIDNEY** to pay **$456.00 BI-WEEKLY [PLUS TAX REFUNDS]**
**D. SIDNEY** to pay **$3,832.00 MONTHLY [PLUS TAX REFUNDS]**
**(PLUS  PI PROCEEDS)**

to the Trustee who shall disburse funds pursuant to the terms of the confirmed plan.
  To the debtor's attorney, **MARIA M SALAS AT SALAS LAW GROUP, PLLC**, the sum of **$3,750.00 to be paid at $700.00 per month.**

  Total fee awarded is **$4,000.00** .

  To the Court Clerk the sum of **$0.00** and **$0.00** for filing and noticing fees.

The court has fixed a value on the collateral held by all secured creditors, which value shall be deemed the extent of the secured claim.  Such creditors shall retain the lien on their collateral and shall be treated as follows:

| Creditor Name | Value | Interest | Monthly Payment |
|---|---|---|---|
| * UNITED STATES TREASURY | $12,912.77 | 3.00% | $235.00 |
| *2006-2007 INCOME TAXES* | | | |

  The Trustee will calculate post petition interest due, if any, on these claims as fixed by the plan, and will pay such interest along with the principal.

To creditors holding claims secured by a purchase money security interest in a motor vehicle incurred within 910 days preceding the petition or secured by a purchase money security interest in any other thing of value incurred in the 1 year period preceding the filing as follows:

| Creditor/Collateral | Interest | Principal Amt To Be Pd | Month |
|---|---|---|---|
| --------------- **NONE** --------------- | | | |

The plan requires the Trustee to maintain ongoing mortgage payments as follows:

| Creditor Name | Monthly Payment | M/Y of 1st Disbursement |
|---|---|---|
| *ONEWEST BANK | $1,984.41 | 12-13 |
| ! *SUNTRUST BANK | $717.00 | 12-13 |

The plan cures prepetition defaults on such mortgages as follows:

| Creditor Name | Interest | Arrears | Monthly |
|---|---|---|---|
| * ONEWEST BANK | 0.00% | $65,659.55 | CLASS II |
| ! * SUNTRUST BANK | 0.00% | $142,614.78 | CLASS II |

**The defaults cured by the plan include prepetition arrearages (derived from the proofs of claim) and post petition, preconfirmation monthly installments.**

The Trustee is authorized to pay any post petition fees, expenses, and charges, notice of which is filed pursuant to Rule 3002.1, F.R.B.P. and as to which no objection is raised, at the same disbursement level as the arrears claim noted above.

As of the date of this notice, the following notice of post petition fees, expenses, and charges has been filed:

| Creditor Name | Claim Amount | Monthly Payment |
|---|---|---|
| --------------- **NONE** --------------- | | |

The plan treats some unsecured claims differently than others. The following claims to unsecured claimholders, in classes and paid in classes, sequentially as shown below:

| Class | Creditor Name | Interest | Dividend | Claim |
|---|---|---|---|---|
| --------------- **NONE** --------------- | | | | |

The plan establishes a minimum dividend to general unsecured creditors, with timely claims but may establish a dividend to some creditors that differ from others. The following claims will be paid in the general unsecured class:

| Creditor Name | Interest | Dividend | Claim | Account |
|---|---|---|---|---|
| AUSTIN PEAY STATE UNIVERSITY | 0.00% | 0.00% | $0.00 | xxxxxxxx0253 |
| BARCLAYS BANK DELAWARE | 0.00% | 0.00% | $0.00 | xxxxxxxx0001 |
| CHARTER COMMUNICATIONS | 0.00% | 0.00% | $0.00 | xxxxxxxx |
| * CREDIT FIRST NA | 0.00% | 0.00% | $876.82 | xxxxxxxx7845 |
| * EXCEL ERS LLC | 0.00% | 0.00% | $1,242.81 | xxxxxxxx |
| FIA CSNA BANK OF AMERICA | 0.00% | 0.00% | $0.00 | xxxxxxxx5474 |
| * NASHVILLE ELECTRIC SERVICE | 0.00% | 0.00% | $2,290.86 | xxxxxxxx6482 |
| OCEAN BEACH CLUB LLC | 0.00% | 0.00% | $0.00 | xxxxxxxx |
| * STATE FARM BANK FSB | 0.00% | 0.00% | $6,327.70 | xxxxxxxx0752 |
| * STATE FARM BANK FSB | 0.00% | 0.00% | $26,580.88 | xxxxxxxx5325 |
| SUNTRUST BANK | 0.00% | 0.00% | $0.00 | xxxxxxxx |
| THE BANK OF NASHVILLE | 0.00% | 0.00% | $0.00 | xxxxxxxx0943 |
| * UNITED STATES TREASURY | 0.00% | 0.00% | $768.32 | xxxxxxxx5795 |

The following parties will receive future notices, but no distribution will be made to them under the confirmed plan:

| | | |
|---|---|---|
| **CHASE MANHATTAN MORTGAGE** | **BANK OF NASHVILLE** | **EXCEL RES LLC** |
| **SUNTRUST BANK** | **DAVIDSON COUNTY REGISTER OF DEEDS** | **VALINDA BURKS** |

The plan surrenders the debtors interest in collateral to the creditors listed below. The automatic stay has been lifted to allow these creditors to repossess the collateral upon which they have liens. Unless the order confirming provides otherwise, no disbursements will be made on any deficiency to these creditors unless and until deficiency claims are filed. Creditors unable or unwilling to repossess such collateral should advise the trustee to treat the entire claim as unsecured.
**Surrender the collateral to creditor STATE FARM BANK FSB. (ALL COLLATERAL)**

The debtor shall be responsible for paying the following claims in accordance with the underlying agreement:
  Creditor
  **SPRINT**                                              **(CELL PHONE)**
  **VALINDA BURKS**

**Case to be dismissed, without further hearing, upon filing of notice of non-compliance and order dismissing case by the trustee.**

Confirmation of this Plan shall impose upon any claimholder treated under paragraph 4 d)(iv) of the Confirmation Order and, holding as collateral, the debtor's residence, the obligation to:

   a. Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this Plan, the "pre-confirmation" arrears shall include all sums included in the allowed proof of claim plus any post-petition pre-confirmation payments due under the underlying mortgage obligation not specified in the allowed proof of claim. Monthly ongoing mortgage payments shall be paid by the trustee commencing with the later of the month of confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder.

   b. Treat the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

   The debtor(s) must contribute tax refunds to the Trustee to increase funds available to the creditors holding allowed claims. Any tax refund received by the Trustee will be added to the "base" amount fixed in the plan.

   Unsecured creditors shall receive their prorata portion of the Unsecured Pool that remains after satisfaction of all allowed priority and administrative claims, not to be less than **0.000%** of such claims.

   The unsecured pool shall be increased by the "base" amount not needed to satisfy allowed secured, priority, and administrative claims (including the trustee's commission).

   The plan establishes a minimum pool of funds to be paid to all unsecured creditors called the "unsecured pool". Nonpriority unsecured creditors holding allowed claims shall receive a pro rata share of the unsecured pool after allowed unsecured priority and administrative claims have been satisfied. The plan establishes the Unsecured Pool at **N/A**.

   The plan sets a minimum pool of funds to be paid to the Trustee by the debtor(s) called a base. The debtor(s) must pay this base or allowed claims in full before a discharge may be entered. The base is fixed at **$289,200.00 increased by tax refunds and PI proceeds**.

   Please note that this Notice is only a summary of the plan as confirmed by the Court. You are cautioned to review the Court's order approving the plan, available on PACER at http://ecf.tnmb.uscourts.gov.


**/s/HENRY E HILDEBRAND, III**
CHAPTER 13 TRUSTEE
P O BOX 340019
NASHVILLE, TN  37203
PHONE:  615-244-1101
FAX:  615-242-3241
pleadings@ch13nsh.com

\* An asterisk denotes that a proof of claim has been filed for the listed creditor. No disbursements will be made on any claim pursuant to the plan unless an allowed proof of claim is filed.